IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VALERIE HESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:14CV751 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Valerie Hester, brought this action to obtain review of a final decision of the Commissioner of Social Security denying her claim for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income. The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 9, 11). Plaintiff has also filed two additional motions requesting that the Court reverse the Commissioner. (Docket Entries 14, 15.)[1] For the reasons set forth herein, the Court recommends that Defendant's motion for Judgment on the Pleadings (Docket Entry 11) be denied, Plaintiff's motion for Judgment on the Pleadings (Docket Entry 9) be granted, Plaintiff's additional motions requesting reversal of the Administrative Law Judge's ("ALJ") decision (Docket

---

[1] Plaintiff contends that the certified record contains false documents submitted by Defendants. (Docket Entry 14 at 1-4); (Docket Entry 15 at 1-2.) Additionally, Plaintiff filed documents to rebut the alleged false documents submitted by Defendants. *See Generally* (Docket Entries 14, 15.) The Court declines consideration of these additional motions at this time.

Entries 14, 15) be denied as moot,[2] and that this matter be remanded to the Commissioner.

## I. PROCEDURAL HISTORY

Plaintiff filed applications for Supplemental Security Income, Disability Insurance Benefits, and a Period of Disability Benefits on November 14, 2011. (Tr. 84-87.)[3] Plaintiff's request for benefits was denied initially and upon reconsideration. (Tr. 41-42, 46-53.) On July 10, 2012, Plaintiff filed a request for a hearing before an ALJ. (Tr. 59-61.) The hearing was held on November 18, 2013. (Tr. 787-810.) On February 21, 2014, the ALJ found that Plaintiff was not disabled. (Tr. 18-35.) On March 4, 2014, Plaintiff filed a request for review of the hearing decision before the Appeals Council. (Tr. 17A-17B.) On June 26, 2014, the Appeals Council denied Plaintiff's request. (Tr. 12-15.) On August 29, 2014, the Appeals Council set aside its earlier action "to consider additional information" provided by Plaintiff and again denied Plaintiff's request for review. (Tr. 6-11.) The Appeals Council's denial rendered the ALJ's decision the final administrative action of the Commissioner in Plaintiff's case.

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining

---

[2] Between March 9, 2016, and March 30, 2016, Plaintiff filed additional documents to support her contention that the ALJ's decision should be reversed because Defendants allegedly filed false documents. (Docket Entries 16-18.) The Court declines consideration of these additional documents at this time.

[3] Unless otherwise noted, transcript citations refer to the administrative record in this case which was filed with Defendant's Answer. (Docket Entry 6.)

if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court, therefore, is not whether Plaintiff is disabled, but whether the Commissioner's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

### III. THE COMMISSIONER'S DECISION

The ALJ followed the well-established five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. §§ 404.1520 and 416.920. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The ALJ determined at step one that Plaintiff satisfied "the insured status requirements of the Social Security Act through June 30, 2014" and that she had "not engaged substantial gainful activity since September 13, 2011, the alleged onset date . . . ." (Tr. 23.) The ALJ next found at step two that Plaintiff had three severe impairments including uterine fibroids, bipolar disorder, and anxiety disorder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, one listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 24.) The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 CFR 404.1567(b) finding:

3

[Plaintiff] could occasionally lift or carry up to 20 pounds, frequently lift or carry up to 10 pounds as well as sit, stand, and walk about six hours out of an eight-hour workday. [Plaintiff] would need to adjust positions every 30 minutes with frequent, but not constant[sic] handling and fingering. [Plaintiff] could perform occasional overhead reaching as well as understand, remember, and carry out simple instructions with no public contact.

(Tr. 25.) At the fourth step, the ALJ determined that Plaintiff had no past relevant work. (Tr. 33.) At step five, the ALJ determined that there were jobs which Plaintiff could perform consistent with her RFC, age, education, and work experience. (*Id.*)

## IV. DISCUSSION

Plaintiff contends that the ALJ failed to evaluate her cervical degenerative disc disease. The Court recommends that the case be remanded because the ALJ failed to adequately evaluate Plaintiff's cervical degenerative disc disease. The Court also recommends remand because the Appeals Council failed to address material evidence that contradicts Plaintiff's RFC.

### A. The ALJ Failed to Address Evidence that Contradicted the RFC

In pertinent part, Plaintiff argues that "[t]he ALJ erred in failing to evaluate the claimant's documented cervical degenerative disc disease."[4] (Docket Entry 10 at 4-5.) Although the ALJ referenced Plaintiff's cervical degenerative disc disease, she failed to address evidence suggesting the Plaintiff's impairment requires more limitations that are not accounted for in her RFC. "It hardly bears repeating that an ALJ is required to consider all relevant

---

[4] Plaintiff also argues that the ALJ failed "to adequately explain the weight assigned to the medical source statement completed by the claimant's treating physician." (Docket Entry 10 at 5-10.) The Court declines consideration of the additional issues raised at this time.

4

evidence and to sufficiently explain the weight he gives to probative evidence." *Hudson v. Colvin*, No. 7:12-CV-269-FL, 2013 WL 6839672, at *4 (E.D.N.C. Dec. 23, 2013) (citing *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997)). The ALJ is also required to discuss how "material inconsistencies or ambiguities" in the record were addressed. *Id.*; *Stokley v. Colvin*, No. 7:13-CV-110-FL, 2014 WL 4701928, at *4 (E.D.N.C. Sept. 22, 2014).

Here, Plaintiff alleges that she injured her spine while working in February of 2011. (Docket Entry 10 at 4.) X-rays revealed that she had degenerative disc changes in her spine. (Tr. 399.) Dr. Dwayne Patterson's impression was that Plaintiff had a "cervical and thoracic strain with continued myofasicial pain and some degenerative disc disease." (Tr. 339.) The ALJ failed to determine whether this impairment was severe or non-severe at step two. (Tr. 23.) Defendant argues that the ALJ evaluated Plaintiff's impairment during the remaining steps. (Docket Entry 12 at 8.) Defendant further contends that Plaintiff has not "established that the ALJ's failure to identify cervical degenerative disc disease as a severe impairment impacted the RFC assessment." (*Id.*)

A review of the record shows that the ALJ failed to address "material inconsistencies or ambiguities" in the record that may require limitations not specified in the RFC. *Murphy v. Bowen*, 810 F.2d 433, 438 (4th Cir. 1987) (finding that it could not be determined that it was harmless error for the ALJ to not address "unresolved conflicts in the evidence"); *Stokley*, 2014 WL 4701928, at *4. According to the record, a medical examination on March 10, 2011, conducted by Dr. Andrew Jones, treating physician, revealed that Plaintiff had "[m]ild thoracolumbar scoliosis, excessive lordosis, with some resolving biomechanical imbalance; it

5

may put [Plaintiff] at increased risk for injury." (Tr. 200.) Moreover, an examination conducted by Physician Assistant Felicia Levine on March 1, 2011, in response to Plaintiff's work related injury that caused her cervical degenerative disc disease, limited Plaintiff to:

- No lifting over 15 lbs.
- No bending more than 5 times per hour
- No pushing/pulling over 25 lbs. of force.
- No reaching above shoulders.
- Must wear brace.

(Tr. 202.)[5] Ms. Levine conducted two other examinations resulting in similar limitations on February 23, 2011, and February 7, 2011. (Tr. 205, 212.) Although these examinations were conducted close to the time in which Plaintiff was injured, another examination over a year and a half later yielded similar results. This subsequent examination conducted on October 10, 2012, found that Plaintiff's lifting capacity did not even satisfy the criteria for a "sedentary rated job."[6] (Tr. 783.) The ALJ did not explicitly address Dr. Jones' or Ms. Levine's findings. Moreover, Dr. Jones and Ms. Levine are not mentioned in the decision. (Tr. 21-35); *Murphy*, 810 F.2d at 438 (finding that the ALJ's failure to address "unresolved conflicts in the evidence" was not harmless error); *Adams v. Colvin*, No. 5:14-CV-689-KS, 2016 WL 697138, at *4

---

[5] Although Ms. Levine is not a physician, here examination should still be considered. "[T]he ALJ must consider opinions of 'other'—i.e., non-'acceptable' sources—such as those of a certified physician's assistant." *Carter v. Colvin*, No. 5:12-CV-736-FL, 2014 WL 351867, at *5 (E.D.N.C. Jan. 31, 2014) (citing 20 C.F.R. § 404.1513(d)); SSR 06-03P 2006 WL 2329939 (Aug. 9, 2006) (stating that "[o]pinions from [physician assistants], who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file").

[6] This examination was submitted after the ALJ's decision. Nevertheless, it indicates that Plaintiff may have been subject to further limitations not found in the RFC over a year and half after the findings of Dr. Jones and Ms. Levine.

6

(E.D.N.C. Feb. 22, 2016) (remanding because the ALJ failed to reconcile his RFC determination, finding the plaintiff capable of the full range of medium work, with conflicting evidence allowing the plaintiff to obtain Medicaid benefits). This is troubling considering that the ALJ found in Plaintiff's RFC that "[Plaintiff] could occasionally lift or carry up to 20 pounds, frequently lift or carry up to 10 pounds . . . [and] could perform occasional overhead reaching . . . ." (Tr. 25.) Ms. Levine's examination places more limitations on Plaintiff. According to Ms. Levine's examination, Plaintiff could not lift more than 15 pounds, bend more than five times an hour, nor could she reach overhead. (Tr. 202.) Furthermore, the ALJ does not address Dr. Jones' examination revealing that Plaintiff's thoracolumbar scoliosis, excessive lordosis, and biomechanical imbalance may put Plaintiff at an increased risk for injury. (Tr. 200.) In fact, these impairments were not acknowledged at step two, nor were they mentioned elsewhere in the decision. (Tr. 21-35.) The ALJ does not address any of these discrepancies. Therefore, the Court cannot determine whether the ALJ's decision is based on substantial evidence.

B. The Court Cannot Determine Whether the Appeals Council Considered Material Evidence Subsequently Submitted by Plaintiff After the ALJ's Decision

Defendant contends that Plaintiff "[did] not *and cannot*, establish that the ALJ's failure to identify cervical degenerative disc disease as a severe impairment impacted the RFC assessment." (Docket Entry 12 at 8) (emphasis added). The Court's review of the entire record shows that evidence before the ALJ, concerning Plaintiff's impairment, contradicts the RFC; and that the Appeals Council did not consider material evidence submitted after the ALJ's February 21, 2014, decision that contradicts the Plaintiff's RFC. Part of the evidence

7

submitted to the Appeals Council included an examination conducted on October 10, 2012. (Tr. 783.) Plaintiff only submitted 9 pages of the examination. (Tr. 774-83.) It appears that the examination is 17 pages long. It is unclear who conducted the examination. However, the pages submitted detail a summary of the work related injury that caused Plaintiff's cervical degenerative disc disease, Plaintiff's other impairments, and the results of various test to evaluate Plaintiff's mobility, strength, dexterity, grip strength, and fitness. (Tr. 84-82.) The results of the test with a determination of Plaintiff's capacity to work is also provided. (Tr. 783.) The findings indicate that "[Plaintiff] demonstrates performance suggestive of ability to meet some positional tolerances for a sedentary rated job however, lifting capacity is significantly impaired and does not meet the criteria for even a sedentary rated job." (Tr. 783.) The Appeals Council considered the additional information and found that it "does not provide a basis for changing the [ALJ's] decision." (Tr. 7.) The Appeals Council indicated that several documents received were duplicates but failed to address the October 10, 2012, examination that contradicts the RFC. (*Id.*) After reviewing the record, the undersigned is persuaded that remand is proper.

The administrative scheme for handling Social Security claims permits the claimant to offer evidence in support of the claim initially to the ALJ. 20 C.F.R. § 404.1513. Once the ALJ renders a decision, the claimant is permitted to submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b).[7] This new evidence is then made part of the record. The

---

[7] More specifically, 20 CFR § 404.970(b) provides that:

8

regulations, however, do not require the Appeals Council to expressly articulate the weight of the newly produced evidence and reconcile it with previously produced evidence before the ALJ. Instead, the Appeals Council is only required to make a decision on whether to review the case and, if it chooses not to grant a review, there is no express requirement that the Appeals Council articulate a reason for denying further review. *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011).

As the Fourth Circuit recently addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review, but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Id.* at 707. In *Meyer*, the ALJ denied benefits to a claimant based, in part, on the lack of any medical opinion from a treating physician addressing restrictions. *Id.* at 703. After the claimant submitted a medical opinion from his treating physician setting forth restrictions to the Appeals Council, the Appeals Council considered the additional evidence, but denied review of his case without any further explanation. The ALJ's decision became the decision of the Commissioner. *Id.* at

---

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 CFR § 404.970(b).

9

703–04. The district court affirmed the Commissioner's decision, but the Fourth Circuit reversed. *Id.* at 707. The Fourth Circuit held that the regulatory scheme does not require the Appeals Council to explain its reasoning when denying review of an ALJ decision. *Id.* at 706.

Nevertheless, the Fourth Circuit ultimately concluded that it could not determine whether the ALJ's decision was based upon substantial evidence. *Id.* at 707. The Fourth Circuit reasoned that an ALJ's denial of benefits should be affirmed if, "after reviewing new evidence presented to the Appeals Council, 'substantial evidence supported the ALJ's findings.'" *Id.* (citing *Smith v. Chater*, 99 F.3d 635, 638–39 (4th Cir. 1996)). "Conversely, when consideration of the record as a whole revealed that new evidence from a treating physician was not controverted by other evidence in the record, we have reversed the ALJ's decision and held that the ALJ's denial of benefits was 'not supported by substantial evidence.'" *Id.* (citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc)). The Fourth Circuit observed that "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record." *Id.* Because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder," the Fourth Circuit concluded that it "cannot undertake it in the first instance." *Id.*

This case is similar to *Meyer* and should be remanded. Here, no fact finder has made any findings as to an October 10, 2012, examination submitted by Plaintiff that conflicts with the ALJ's RFC. (Tr. 783.) In pertinent part, the ALJ's RFC limits Plaintiff to "occasionally lift[ing] or carry[ing] up to 20 pounds, frequently lift[ing] or carry[ing] up to 10 pounds as well

10

as sit[ing], stand[ing], and walk[ing] about six hours out of an eight-hour workday." (Tr. 25.) To the contrary, the examination submitted by Plaintiff states that Plaintiff has the capacity to do some "sedentary rated job[s] however," her ability to lift is not even sufficient for a "sedentary rated job." (Tr. 783.) As noted in *Meyer*, "assessing the probative value of competing evidence is quintessentially the role of the fact finder" and this Court is not authorized to undertake the analysis in the first instance. *Meyer*, 662 F.3d at 707.

Given the nature of this new and unreconciled evidence, it is impossible to determine whether the ALJ's decision is based on substantial evidence. For example, there are significant differences between the RFC and the new examination with respect to Plaintiff's ability to lift objects and stand for long periods of time. (Tr. 25, 783.) This new documentation also corroborates the findings of Plaintiff's treating physician Dr. Howard Eisenson. Dr. Eisenson found that Plaintiff could "do fairly sedentary work that would allow frequent changes in position" which were ultimately dismissed by the ALJ. (Tr. 600.)

In light of the holding in *Meyer*, the undersigned is persuaded that a fact finder should consider any additional evidence and reconcile it with the conflicting and supporting evidence in the record. *Dry v. Colvin*, No. 1:13CV300, 2015 WL 4600516, at *3 (M.D.N.C. July 29, 2015) (concluding that the court could not direct a finding of disability because new evidence submitted to the Appeals Council weakened the court's reasoning that there was not a history of treatment of the plaintiff's plantar fasciitis and required additional findings to be made); *Parker v. Colvin*, No. 1:11CV746, 2014 WL 4386291, at *4 (M.D.N.C. Sept. 4, 2014) (finding that the matter required remand because it could not be determined "whether the Appeals

11

Council considered or rejected the additional evidence in accordance with the applicable regulatory provisions, and because the additional evidence involves a competing or conflicting opinion by a treating physician that may require reconciliation by a fact-finder"); *Wilson-Coleman v. Colvin*, No. 1:11CV726, 2013 WL 6018780, at *7 (M.D.N.C. Nov. 12, 2013) (finding that the fact finder should have considered the new evidence that corroborated the findings of a another physician and helped "to fill at least part of an evidentiary gap in the record regarding [the plaintiff's] mental health treatment" and reconcile it with the conflicting and supporting evidence in the record).

The Court expresses no opinion regarding whether Plaintiff is ultimately disabled under the Act and the Court declines consideration of the additional issues raised at this time. *Hancock v. Barnhart*, 206 F. Supp. 2d 757, 763-764 n.3 (W.D. Va. 2002) (reasoning that on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).

### V. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). **IT IS FURTHER RECOMMENDED** that the Commissioner be directed to remand the matter to the ALJ for further proceedings consistent with this order. Consequently, to this extent, **IT IS FURTHER RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings (Docket Entry 11) be **DENIED**, and Plaintiff's Motion for Judgment on the Pleadings

(Docket Entry 9) be **GRANTED** to the extent remand is requested. **IT IS FURTHER RECOMMENDED** that two additional motions requesting reversal (Docket Entries 14-15) be **DENIED** as moot.

This 31st day of March, 2016.

_____
Joe L. Webster
United States Magistrate Judge